```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION


TINA L. HOLLEY, JONATHAN          )
TOUCHTON, JOY D. HAYWARD,         )
KAREN M. GOWAN, and MICHAEL       )
R. CHAPMAN,                       )
                                  )
        Plaintiffs,               )
                                  )
     5.                           )     Case No. 1:03-0071
                                  )     Judge Echols
GILES COUNTY, TENNESSEE,          )
GILES COUNTY SHERIFF'S            )
DEPARTMENT, EDDIE BASS,           )
Individually and in his           )
capacity as Sheriff of Giles      )
County, Tennessee, TOMMY          )
PORTERFIELD, Individually         )
and in his capacity as Chief      )
Deputy Sheriff of Giles           )
County, Tennessee                 )
                                  )
        Defendants.               )
```

## MEMORANDUM

Pending before the Court are Plaintiffs' (1) "Exception to the Clerk of Court's Taxation of Costs Motion to Delay Assessment of Costs Pending Appeal,"(Docket Entry No. 124; see also Docket Entry No. 120); (2) "Motion to Review Clerk of Court's Final Taxation of Costs and Denial of Plaintiffs['] Request to Delay Assessment of Costs Pending Appeal" (Docket Entry No. 126), to which Defendants have replied in opposition (Docket Entry No. 127); and (3) "Motion to Delay Assessment of Cost Pending Appeal and Objections to Defendants' Bill of Costs" (Docket Entry No. 120).

1

## I. Standard Of Review

On timely motion of a party, the Court may review the costs taxed by the Clerk. Fed. R. Civ. P. 54(d)(1). The party objecting to the Clerk's taxation of costs has the burden to persuade the Court that error occurred and the Court has broad discretion in reviewing the taxation of costs. See BDT Prods., Inc.v Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005).

## II. Procedural Background and Analysis

By Memorandum and Order entered April 11, 2005, this Court granted Defendants' Motion for Summary Judgment and dismissed all of Plaintiffs' claims. (Docket Entry Nos. 115, 116). Plaintiffs filed their Notice of Appeal on April 21, 2005. (Docket Entry No. 117). Subsequently, on May 9, 2005, Defendants filed a "Bill of Costs" (Docket Entry No. 118) requesting Plaintiffs be required to pay Defendants $16,406.45 in legal costs incurred in defending the case. On May 13, 2005, Plaintiffs' timely filed a "Motion to Delay Assessment of Cost Pending Appeal and Objections to Defendants' Bill of Cost" pursuant to Local Rule 13(d). (Docket Entry No. 120).

The Clerk's Notice of Taxation of Costs (Docket Entry No. 121) was entered on May 19, 2005. The Clerk indicated in the Notice that he had reviewed Defendants' Bill of Costs, as well as Plaintiffs' Motion to Delay Assessment of Cost Pending Appeal and Objections to Defendants' Bill of Cost, and he denied Plaintiffs' request to delay the assessment of costs and overruled Plaintiffs' objections. Further, the Clerk determined that costs would be

2

assessed in the amount of $12,398.55, effective as of Friday, May 27, 2005. The Clerk also advised the parties that they had five (5) days from May 27, 2005, to file exceptions to the assessment. It appears, however, that the assessment was not entered until May 31, 2005 (Docket Entry No. 123), and pursuant to Local Rule 13(d), the parties had five days from May 31, 2005, to file exceptions to the assessment.

On June 6, 2005, Plaintiffs timely filed their Exception/Renewed Motion (Docket Entry No. 124), seeking to delay assessment of costs until resolution of the pending appeal. The Clerk entered the Final Taxation of Costs assessing costs against Plaintiffs in the amount of $12,398.55 on June 7, 2005. (Docket Entry No. 125). Noting that he had previously noted "it is not the general practice of this court to delay assessment of costs pending appeal," (Docket Entry No. 121 at 1), he added that "[t]he Clerk of Court is not authorized to issue a stay in this case and cannot defy the practice of the Court by delaying the assessment of costs." (Docket Entry No. 125). Plaintiffs were granted five (5) days to file a motion to review and/or seek a stay of enforcement of the taxation of costs. On June 14, 2005, Plaintiffs timely filed their Motion to Review the Final Taxation of Costs (Docket Entry No. 126), which is virtually identical to their Exception/Renewed Motion to the Clerk's initial Taxation of Costs. (Docket Entry No. 124). Defendants filed a Response in opposition. (Docket Entry No. 127).

In both their Exception/Renewed Motion and Motion to Review, Plaintiffs are not challenging the amount of the costs assessed. Instead, Plaintiffs request that this Court stay the imposition of costs pending resolution of the appeal because they "are all individuals, some of which [sic] are unemployed, with very limited means to presently absorb the costs taxed to them by the Clerk of the Court." (Docket Entry Nos. 124 ¶ 2 & 126 ¶ 2).

To the extent Plaintiffs are suggesting costs should not be imposed because of their means, this Court must reject their argument. Rule 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the Court otherwise directs." This Rule raises the presumption that costs will be assessed. McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005).

To overcome the presumption that costs will be imposed, "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption . . . ." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 732 (6th Cir. 1986). One such circumstance may be an inability to pay.

"The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." Tuggles v. Leroy-Somer, Inc., 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004)citing, Weaver v. Toombs, 948 F.2d 1004, 1014 (6th Cir. 1991). "To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." Id.

4

In this case, Plaintiffs have demonstrated nothing regarding their alleged ability or inability to pay. Thus, they have not met their burden and their objection to the taxation on this basis is not well-taken.

Plaintiffs also request that the imposition of the taxation of costs be stayed since an appeal has been filed. Although some authority exists for staying the imposition of costs pending appeal, see Brown v. American Enka Corp., 452 F.Supp. 154, 160 (E.D. Tenn. 1976), Rule 54(d) creates a presumption in favor of the taxation of costs and "a district court deciding not to award costs at the customary stage must provide a valid reason." Singleton v. Department of Correctional Educ., 2003 U.S. Dist. Lexis 17834 *4 (E.D. Va., Oct. 3, 2003).

Here Plaintiffs have presented no adequate reason to depart from this Court's customary practice not to delay the taxation of costs pending appeal. Contrary to Plaintiffs' contention that assessing costs now would be premature, (Docket Entry Nos. 124 ¶ 4 & 126 ¶ 4), "proceeding with a review of the taxation of costs . . . would avoid piecemeal appeals." (Id.) "With prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency." (Id. at 4-5). See also, Epcon Gas Sys. v. Bauer Compressors, Inc., 2001 U.S. Dist. Lexis 12665, ** 3-4 (E.D. Mich., March 26, 2001)(recommending that costs be reviewed even though an appeal was pending since "[w]hile there is always the possibility that the Court of Appeals may disagree with the

5

District Court's judgment, it is in the interest of judicial economy to resolve all of the remaining issues in this case at this time").

### III. Conclusion

On the basis of the foregoing, Plaintiffs' Exception to the Clerk of Court's Taxation of Costs will be overruled and Plaintiffs' Motion to Delay Assessment of Costs Pending Appeal will be DENIED (Docket Entry No. 124). Plaintiffs' "Motion to Review Clerk of Court's Final Taxation of Costs and Denial of Plaintiffs [sic] Request to Delay Assessment of Costs Pending Appeal" (Docket Entry No. 126) also will be DENIED. Plaintiffs' "Motion to Delay Assessment of Cost Pending Appeal and Objections to Defendants' Bill of Costs" (Docket Entry No. 120) will be DENIED AS MOOT.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE